IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|             Plaintiff, | ) | **ORDER** |
| | ) | **GRANTING CONTINUANCE AND** |
| vs. | ) | **CONSOLIDATING FOR TRIAL** |
| | ) | |
| Gabriel Martinez; Alan Michael Wessels; Martin Carrillo; and Ramon Hernandez Martinez, a/k/a Razor, | ) | Criminal Case Nos. 3:06-cr-14-17; -18; -19; -23; |
|             Defendants. | ) | |
| United States of America, | ) | |
|             Plaintiff, | ) | 3:06-cr-45-01; |
| vs. | ) | |
| Ramon Hernandez Martinez, a/k/a Razor, | ) | |
|             Defendant. | ) | |
| United States of America, | ) | |
|             Plaintiff, | ) | 3-07-cr-10-04; and |
| vs. | ) | |
| Derek Alan Carlson, a/k/a Dirk, | ) | |
|             Defendants. | ) | |
| United States of America, | ) | 3:07-cr-94 |
|             Plaintiff, | ) | |
| vs. | ) | |
| Jose Lupercio, et. al., | ) | |
|             Defendants. | ) | |

Before the Court are a number of motions filed in the above-captioned cases, all of which stem from the defendants' alleged involvement in the "Arandas" drug distribution organization. In

1

case number 3:06-cr-14, Defendant Gabriel Martinez moved to continue his January 22, 2008 trial date (Doc. #811). In case number 3:06-cr-45, Defendant Ramon Martinez moved to continue his January 22, 2008 trial date (Doc. #80). Numerous defendants in the "Lupercio" case moved to continue the December 17, 2007 trial (Docs. #51, 53, and 54). A status conference was held on December 13, 2007, to address scheduling in and consolidation of these related cases.

A Court may exclude periods of time from consideration under the Speedy Trial Act if it determines that the ends of justice outweigh the best interests of the public and defendant in having a speedy trial. United States v. Dota, 33 F.3d 1179, 1182 (9th Cir. 1994); 18 U.S.C. § 3161(h)(8)(A). An ends-of-justice continuance may be justified on the grounds that one side needs more time to prepare for trial. Dota, 33 F.3d at 1183. An ends-of-justice continuance may also be granted when a case is complex. United States v. Thomas, 774 F.2d 807, 810 (7th Cir. 1985). A case may be considered complex under the Speedy Trial Act when it involves many defendants in a large-scale drug and murder conspiracy. United States v. Bass, 460 F.3d 830, 837 (6th Cir. 2006).

Here, the defendants need more time to prepare for trial. It is well-established in the record that this case is complex. The printed discovery materials approach 27,000 pages, in addition to hundreds of hours of audio and video material. It was recently revealed that some of the defendants have not been able to fully review this discovery in order to assist in their own defenses. More than 50 individuals have been indicted for their involvement in this organization, and dozens have provided proffer interviews to the government. Of the remaining defendants, some are charged with murder, firearms violations, or obstruction of justice. All are accused of conspiracy to possess with intent to distribute methamphetamine, which carries with it a ten-year mandatory minimum sentence.

This is clearly a complex case, both legally and factually, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii).

A court may order separate cases be tried in a single trial if all offenses and defendants could have been joined in a single indictment. Fed. R. Crim. P. 13; United States v. Cannington, 729 F.2d 702, 710 (11th Cir. 1984). In fact, in the case of conspiracy, it is rarely, if ever, improper to try co-conspirators jointly. United States v. Drew, 894 F.2d 965, 968 (8th Cir. 1990). Here, these defendants could have been jointly indicted. It does not appear that any party will suffer prejudice if the parties are joined. No party expressed an objection to the consolidation during the status conference. Therefore, consolidation for trial seems appropriate.

The motions to continue are **GRANTED**, and the cases are *sua sponte* **ORDERED** consolidated. The new trial date for all defendants shall be Monday, April 7, 2008, at 9:30 a.m. in Courtroom 1 in Fargo, North Dakota. The final pretrial conference shall be 9:00 a.m. on Monday, April 7, 2008, in Courtroom 1 in Fargo, North Dakota. The pretrial motion deadline is Friday, February 15, 2008.

**IT IS ORDERED** that the period of delay commencing from the date of this Order until the date of the trial shall be excluded from the calculation of time for purposes of the Speedy Trial Act, 18 U.S.C. § 3161. The Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8).

**IT IS FURTHER ORDERED** that a motions hearing will he held on December 20, 2007, at 1:30 p.m., in Courtroom 1 in Fargo, North Dakota, to address the pending Motion for Production of Grand Jury Transcript (Doc. #809) and the Motion for Government to File a Witness List and

Trial Schedule (Doc. #792).

**IT IS FURTHER ORDERED** that a pretrial motions hearing will be held on January 31, 2008, at 10:00 a.m. in Courtroom 1 in Fargo, North Dakota. *This hearing was previously set for January 17, 2008, but must be moved for scheduling reasons.* All pretrial motions that are ripe by close of business on January 30, 2008, will be addressed during the January 31, 2008 hearing.

**IT IS FURTHER ORDERED** that if the Court has not received a waiver of authorization to seek the death penalty as to Martin Carrillo (3:06-cr-14-19) by February 11, 2008, Mr. Carrillo's trial shall be continued to August 18, 2008.

**IT IS FURTHER ORDERED** that service under Rule 49, Fed. R. Crim. P., is appropriate as to all parties consolidated for trial, not just those who are indicted under the same case number. Therefore, all pleadings and other documents filed, unless filed *ex parte*, in any of the above-captioned cases shall be served upon all other parties consolidated for trial. The Clerk's Office is directed to allow each attorney access to all four cases. In so doing, documents filed in CM/ECF in a given case will be automatically served, electronically, upon all other parties in the other three cases[1]. As a reminder, any document that is filed under seal must be served upon all parties by traditional means. See Administrative Policy Governing Electronic Filing and Service, XIV. Sealed Cases and Sealed Filings.

---

[1] Documents filed by Mark Meyer, on behalf of Derek Carlson (3:07-cr-10-04), must be served by traditional means upon the attorneys for the other parties. Likewise, any documents filed by any other attorney on behalf of any other party must be served by traditional means upon Mr. Meyer. If, at a later date, Mr. Meyer registers on ECF, traditional service will be unnecessary.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2007.

                /s/ Ralph R. Erickson
              Ralph R. Erickson, District Judge
              United States District Court